UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOEY DAVID GEORGE,<br><br>Defendant. | CASE NO. CR22-109RSM<br><br>ORDER DENYING MOTION FOR BILL OF PARTICULARS |

This matter comes before the Court on Defendant George's Motion for a Bill of Particulars. Dkt. #19. On August 3, 2022, a Grand Jury charged Mr. George with four counts of interstate threats "to injure the person of another" in violation of Title 18, United States Code, Section 875(c) and one count of interference with federally protected activity in violation of Title 18, United States Code, Section 245(b)(2)(F). Dkt. #15. Each count in the indictment sets forth the date of the alleged incident and a brief description of the conduct at issue. *See, e.g., id.* ("a phone call to a supermarket threating to shoot people inside the store…. A phone call to a restaurant threating to shoot any Black or Hispanic patrons…. A phone call to a store threatening to shoot Black people…. A phone call to a restaurant threatening to throw a bomb into the restaurant while it was open.").

Under Rule 7, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c)(1). The purpose

ORDER – 1

of this rule is to enforce "basic principles of fundamental fairness" embodied in the Fifth and Sixth Amendments to the Constitution. *See Russell v. United States*, 369 U.S. 749, 760, 765-66 (1962). A fundamentally fair indictment "furnish[es] the defendant with a sufficient description of the charges" that enables him to "prepare his defense" and enables the court to "determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam). The Court may direct the Government to file a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

The Court finds that Mr. George has failed to show a need under any of the standard reasons for a bill of particulars. Not only does the indictment contain a sufficient description of the charges, which are not complex, but those details will be supplemented by discovery. The Government argues that this Motion is premature given forthcoming discovery, citing *e.g.*, *United States v. McCloud*, 2011 WL 13356074, at *2 (S.D. Ga. Mar. 21, 2011), and the Court agrees. The Government made its initial discovery production on August 12, after the filing of the instant Motion, and expects to have completed production by the time this Order is posted. Dkt. #21 at 5. The Government's production "includes (1) witness statements from the individuals who received George's threatening calls; (2) police reports documenting the incidents; and (3) George's post-arrest statements where he describes the calls." *Id*. This discovery likely deflates all of Mr. George's arguments about being in the dark as to what the Government is alleging. If it does not clear things up, Mr. George may move for the instant relief again.

Turning to Mr. George's more nuanced arguments, he argues the indictment as written fails to provide sufficient details necessary for him to file First and Fifth Amendment objections against it. A charged person has a right to attack an indictment claiming that as charged and

ORDER – 2

applied to him, his Due Process rights have been violated. *United States v. Harris*, 705 F.3d 929, 943-44 (9th Cir. 2013).  To do this, a defendant must show that as charged (1) the indictment does not define conduct it prohibits with sufficient definiteness and (2) does not establish minimal guidelines to government enforcement.  *Id*. at 932; *United States v. Purdy*, 264 F.3d. 809, 811 (9th Cir. 2011).  The same is true with respect to claims arising under the First Amendment, *United States v. Osinger*, 753 F.3d 939, 943-944 (9th Cir. 2014), *United States v. Waggy*, 936 F.3d 1014, 1017 (9th Cir. 2019), and claims that involve First Amendment vagueness challenges, *United States v. Williams*, 553 U.S. 285, 304 (2008).

The Court finds that the indictment contains sufficient detail for Mr. George to bring these objections.  The Court notes that the alleged conduct at issue—threatening to shoot and bomb people based on their race—is almost certainly beyond the protection of the First Amendment for the reasons stated in the Government's response brief.  *See* Dkt. #21 at 7.

Mr. George also argues that the indictment's "scarce detail" also renders him unable to adequately prepare a *mens rea* defense. Dkt. #19 at 5.  The Court finds that, given the nature of the threats at issue, the language of the indictment is sufficient for Mr. George to prepare a such a defense.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant George's Motion for a Bill of Particulars, Dkt. #19, is DENIED.

DATED this 25th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3