CHIEF JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOEY GEORGE,<br><br>　　　　　Defendant. | No. CR22-109-RSM<br><br>MOTION TO DISMISS INDICTMENT<br><br>Evidentiary Hearing/Oral Argument Requested<br><br>Noted for September 9, 2022 |

## I.　PROCEDURAL HISTORY

Mr. George is charged with four counts of making threats. Dkt. 15. The threats are described as "a phone call to a supermarket threatening to shoot people inside the store," (Count One); "a phone call to a restaurant threatening to shoot any Black or Hispanic patrons," (Count Two); "a phone call to a store threatening to shoot Black people," (Count Three); "a phone call to a restaurant threatening to throw a bomb into the restaurant while it was open." (Count Four). *Id.*

Mr. George moved for a bill of particulars seeking out details so that he could ensure that the indictment did not violate the First Amendment but the Court denied it. (Dkt. 23.) The Court found "that the indictment contains sufficient detail for Mr. George to bring these objections." (*Id* at 3.) In so holding the Court stated: "threatening to shoot and bomb people based on their race—is almost certainly beyond the protection of the First Amendment for the reasons stated in the Government's response brief." (*Id.*)

MOTION TO DISMISS INDICTMENT
(*U.S. v. Joey George*, CR22-109-RSM) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  Mr. George moves to dismiss the indictment with prejudice because the threats alleged in the indictment do not constitute "true threats" as that term is defined by precedent. In so moving, Mr. George requests an evidentiary hearing to confront "discovery" that the government passively cited to "deflate[]" Mr. George's constitutional arguments in asking for a bill.  (*Id*. at 2.)  Mr. George, alternatively, moves to dismiss the indictment because the statute is unconstitutionally overbroad and vague.

## II. FOLLOWING AN EVIDENTIARY HEARING, MR. GEORGE WILL ASK THE COURT TO DISMISS COUNTS ONE THROUGH FOUR WITH PREJUDICE

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 573 (2002) (internal quotation marks omitted). "As a result, the Constitution demands that content-based restrictions on speech be presumed invalid . . . and that the Government bear the burden of showing their constitutionality." *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 660 (2004). The Supreme Court has delineated certain very narrow categories of speech that can be proscribed consistent with the First Amendment, including: obscenity, fraud, incitement, defamation, speech integral to criminal conduct, and true threats. *See United States v. Osinger*, 753 F.3d 939, 946 (9th Cir. 2014); *Watts v. United States*, 394 U.S. 705 (1969). The government bears a heavy burden to demonstrate that the prohibited speech does not fall into these exceptions.  This is because when the law being enforced is considered "content based," it will be "presumptively unconstitutional and may be justified only if the government proves that [the law as applied is] narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz*., 135 S. Ct. 2218, 2226 (2015).

MOTION TO DISMISS INDICTMENT
(*U.S. v. Joey George*, CR22-109-RSM) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

A statement qualifies as a true threat only if it "would be understood by people hearing or reading it in context as a serious expression of an intent to kill or injure" another person. *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011). In reversing *Bagdasarian's* conviction for threatening to kill President Obama, the Ninth Circuit held that "predictive" and "exhortatory" statements cannot constitute "true threats" and instead receive full First Amendment protection. *Id.* at 1118-19 ("Re: Obama fk the niggar, he will have a 50 cal in the head soon" is merely predictive and "conveys no explicit or implicit threat . . . that he himself will kill or injure Obama;" "shoot the nig" is "an imperative intended to encourage others to take violent action, if not simply an expression of rage or frustration").

At an evidentiary hearing, the government must establish that the indictment comports with the First Amendment's commands. Following that hearing, Mr. George will move to dismiss the indictment with prejudice.

### III. FOLLOWING AN EVIDENTIARY HEARING, MR. GEORGE WILL MOVE TO DISMISS THE INDICTMENT BECAUSE 18 U.S.C. 875(C) AND 18 U.S.C. 245(B)(2)(F) ARE OVERBROAD AND VAGUE UNDER BOTH THE FIRST AND FIFTH AMENDMENT FACIALLY AND AS APPLIED TO HIM

Mr. George has a right to attack an indictment claiming that as charged and applied to him, his Due Process rights have been violated. *United States v. Harris*, 705 F.3d 929, 943-44 (9th Cir. 2013). To do this, a defendant must show that as charged (1) the indictment does not define conduct it prohibits with sufficient definiteness and (2) does not establish minimal guidelines to government enforcement. *Id.* at 932; *United States v. Purdy*, 264 F.3d. 809, 811 (9th Cir. 2011). The same is true with respect to claims arising under the First Amendment, *United States v. Osinger*, 753 F.3d 939, 943-944 (9th Cir. 2014), *United States v. Waggy*, 936 F.3d 1014, 1017 (9th Cir. 2019), and claims that involve First Amendment vagueness challenges, *United States v. Williams*, 553 U.S. 285, 304 (2008).

MOTION TO DISMISS INDICTMENT
(*U.S. v. Joey George*, CR22-109-RSM) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Following an evidentiary hearing and additional briefing after that hearing, Mr. George will ask that the indictment be dismissed with prejudice because the statute facially and as applied to him violates the First and Fifth Amendment.

## IV.     CONCLUSION

Mr. George asks that the Court grant the relief he has requested in this motion. The relief is particularly necessary to ensure that Mr. George's constitutional rights are protected because in this case, the Government has already issued provocative statements to the press[1] and the media has improperly circulated an image of Mr. George suggesting that he was in olive drab military attire during his initial appearance when in fact he was wearing a Super Mario Brothers T-Shirt:[2]



---

[1] See Hurbuie Meko, Man Charged With Threatening Racist Violence Against Buffalo Supermarket, N.Y. Times, July 22, 2022 (available at https://www.nytimes.com/2022/07/22/nyregion/buffalo-supermarket-tops-threat.html).

[2] See Lynnanne Nguyen, Man Facing Charges for Allegedly Calling in Threats to Shoot Black, Latino People, KOMO, July 22, 2022 (available at https://katv.com/news/nation-world/man-facing-charges-for-allegedly-calling-in-threats-to-shoot-black-latino-people-lynnwood-washington-state-joey-david-george-tops-grocery-store-buffalo-new-york-mass-shooting).

MOTION TO DISMISS INDICTMENT
(*U.S. v. Joey George*, CR22-109-RSM) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1   DATED this 1st day of September, 2022.

2                                              Respectfully submitted,

3                                              s/ *Mohammad Ali Hamoudi*
4                                              Assistant Federal Public Defender
                                               Attorney for Joey George

MOTION TO DISMISS INDICTMENT
(*U.S. v. Joey George*, CR22-109-RSM) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**