UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-109RSM |
| Plaintiff | |
| v. | ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |
| JOEY DAVID GEORGE, | |
| Defendant. | |

This matter comes before the Court on Defendant George's Motion for Review of Detention Order. Dkt. #31. The Court has determined that oral argument is unnecessary.

On August 3, 2022, a Grand Jury charged Mr. George with four counts of interstate threats "to injure the person of another" in violation of Title 18, United States Code, Section 875(c) and one count of interference with federally protected activity in violation of Title 18, United States Code, Section 245(b)(2)(F). Dkt. #15. Each count in the indictment sets forth the date of the alleged incident and a brief description of the conduct at issue. *See, e.g., id.* ("a phone call to a supermarket threatening to shoot people inside the store…. A phone call to a restaurant threatening to shoot any Black or Hispanic patrons…. A phone call to a store threatening to shoot Black people…. A phone call to a restaurant threatening to throw a bomb into the restaurant while it was open.").

On July 25, 2022, Mr. George was ordered detained. Dkts. #13 and #14.

ORDER – 1

Mr. George moved to reopen the detention hearing, on September 1, 2022. Dkt. #26. The magistrate judge, without holding a hearing, denied Mr. George's request. Dkt. #27. In so doing, the Court stated:

> At the detention hearing the Court considered the factors in favor of release such as Defendant lived with his mother, has ties to Western Washington, and no criminal history. However, the Court detained Defendant because despite these favorable factors, the Court found detention should be ordered based upon the gravity of the offense conduct; the long term and widespread nature of the alleged criminal conduct which evidenced a pattern of deliberate actions to make threats to kill; Defendants alleged continuation of making threats despite being contacted by law enforcement; and Defendant's drug use and mental health problems. The fact Defendant can live at this [sic] mother's home does not undermine the other factors upon which the Court relied in ordering detention.

Dkt. 27 at 1-2.

An appeal of a magistrate judge's detention order is governed by 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court judge with original jurisdiction then reviews *de novo* the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge: whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

ORDER – 2

The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Based on the record before Judge Tsuchida, the Court agrees with the Government that "the instant offense was extremely serious," that Mr. George allegedly "terrorized people throughout the country by repeatedly threatening to shoot and kill people," and that his threats spanned multiple months and were racially-based. Dkt. #32 at 9. The evidence against Mr. George, presented by the parties' briefing on the instant Motion, is particularly strong, including a recorded confession. Mr. George's reply brief does not really contest the evidence so much as argue that the alleged statements were conditional or political. The Court is not persuaded by these arguments. The Court finds that the weight of the evidence, though it is the least important factor, weighs heavily in favor of detention. There is reason to believe that Mr. George cannot be trusted to cease his behavior if released given the evidence that he continued making threats after being contacted by law enforcement and because his release plan would send him back to the home where he made the threats via phone. Phone monitoring is inadequate. The Court agrees with the conclusion of Judge Tsuchida, twice made, that detention is appropriate here.

ORDER – 3

Furthermore, the Government has met its burden of showing that Mr. George poses a danger to the community by clear and convincing evidence. Mr. George's flight risk need not be addressed.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant George's Motion for Review of Detention Order, Dkt. #31, is DENIED.

DATED this 26th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE