Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEY GEORGE,<br><br>Defendant. | NO. CR22-109RSM<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

On May 14, 2022, a white supremacist murdered ten Black men and women at a Tops supermarket in Buffalo, New York, and seriously wounded three others. The victims spanned in age from twenty years old to eighty-six. The shooting devastated the Buffalo community, causing unimaginable amounts of grief, anger, and fear. It is impossible to overstate the courage it took for employees at the store to return to work, or for members of the Black community to return to normal, knowing their fellow residents had been slaughtered in cold blood while doing something as mundane as their grocery shopping.

*Two months* after this horrific event, Joey George called Tops supermarket and other businesses in Buffalo and said he had a gun, and that he was coming to the stores to shoot more Black people. George did not make these calls because he was in the middle of some mental health crisis. He did not act with mistake or confusion. He acted with

United States' Sentencing Memorandum- 1
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deliberation. As he admitted to agents, he was motivated by hate. He wanted people to feel fear and terror because of the color of their skin.

Nor were George's calls an anomaly. For about a year, George had been calling other businesses around the country and threatening to kill Blacks and others. His calls caused terror. They caused police to rush to respond to the threats, leaving them unavailable to attend to emergencies and other law enforcement matters. And they disrupted business, and left employees shaken about the prospect of returning to work.

It is true that George did not have any firearms, let alone a plan to carry out any of his threats. And it is also true that George has intellectual and emotional challenges. But the sentence in this case should reflect the extraordinary seriousness of this offense, and the need to deter others from making racial threats of violence. As a result, the government recommends that the Court sentence George to the high end of the advisory Guidelines range, which the government believes is 27 months.

## BACKGROUND

### A. The Buffalo Threats

Between July 18 and July 21, 2022, George placed a series of calls to businesses in Buffalo. Plea Agreement ¶ 8(a). In one call on July 19, George asked the employee at the Elmwood Avenue Tops supermarket who answered the phone how many Black people were in the store, and said he would make the news if he killed all of the Black people, including the women, children, and babies. *Id.* He said he did not care as long as they were all dead. *Id.* He warned the employee to take him seriously. *Id.* Later in the call, George asked the employee if the store had been cleared, and said there was a chance he was already in the store, or somewhere nearby. *Id.* George told the employee that if he did not see anybody in the store he would drive to another Tops supermarket in Buffalo, and that he was a really good shot and could "pick people off" from the parking lot. *Id.* George told the employee that he had assault rifles and other ammunition. He said he would see the employee soon, but, that since she sounded White, he probably

United States' Sentencing Memorandum- 2
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

would not shoot her. *Id.* The second Tops location that George mentioned was the site of the racially-motivated mass shooting in May 2022. *Id.*

On July 21, 2022, George called the Elmwood Avenue Tops supermarket again. *Id.* ¶ 8(b). During this call George told the employee who answered the phone that he was going to shoot all of the "n***ers" [redacted] and spare the White and Asian people. *Id.* George said he would come to the store in five minutes if it was not closed. *Id.* He said that he had an AR-15 with plenty of clips. *Id.* On that same day, George called two other stores in the Buffalo area. *Id.* ¶ 8(c). The employees George spoke to at the stores reported to law enforcement that George made similar threatening statements. *Id.*

### B. Prior Threats

On May 12, 2022, George called Shari's Cafe & Pies in San Bruno, California. *Id. Id.* ¶ 8(d). During this call George identified himself as "Tony" and threatened to shoot any Black or Hispanic patrons if the restaurant did not close within twenty minutes. *Id.* George later admitted to a law enforcement offer who used caller ID to call him back that he had made the threatening phone call. *Id.* George told the officer that he made the threat because he wanted to attack Black people and strike fear into the Bay Area's Black community. *Id.* George said he was proud of his actions because he instilled fear in the employees and customers of the restaurant. *Id.*

On September 11, 2021, George called a cannabis dispensary in Rockville, Maryland. *Id.* ¶ 8(e). George identified himself to the employee who answer the phone as "David Lester" and threatened to shoot and kill "n***ers" [redacted] at the business. *Id.* On subsequent phone calls with local law enforcement officers who obtained his phone number through caller ID, George admitted making the threats and said he wanted to shoot any "n***ers" [redacted] who were at the dispensary upon his arrival. *Id.* George also said that he made the threats for fear and that he "felt Black people do too much and have it coming." *Id.* In response to the threats, the dispensary closed for the remainder of the day and the next day. *Id.* The dispensary also hired additional security

United States' Sentencing Memorandum- 3
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to protect against potential threats. *Id.* The dispensary incurred over expenses and lost income as the result of the incident. *Id.*

Also on September 11, 2021, George called a Denny's restaurant in Enfield, Connecticut. *Id.* ¶ 8(f). George asked the employee who answered the telephone if there were any Black people in the restaurant. *Id.* The employee responded that there likely were Black patrons because the restaurant invites customers of all races. *Id.* George then threatened an act of violence at the restaurant. *Id.*

C.  **George's Post-Arrest Admissions**

On July 21, 2022, George was arrested. George, post-*Miranda*, talked with agents. He admitted calling two Tops supermarkets in Buffalo. He said, "I mean, there was a mass shooting two months ago, that was on. That's how I knew about it. I never knew that store existed until I seen the mass shooting. And I guess I was inspired to scare them." Exhibit A at 58.[1] He admitted to making other calls throughout the country, and said his intent to was to scare people. *Id.* at 14-15. He admitted that what he had done was wrong, but repeatedly expressed that he had racist beliefs. *Id.* at 5, 8-10, 17. He admitted to posting racist statements on social media, and getting banned by Instagram. *Id.* at 26. He said he avoided making any threats to kill on the internet to avoid "leaving a paper trail." *Id.* at 28.

//
//

---

[1] To ensure that the Court has the full context of the quoted statements, the government has attached the entire statement as Exhibit A. The government has redacted a small portion of the transcript to protect certain matters of privacy.

United States' Sentencing Memorandum- 4
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SENTENCING GUIDELINES

There does not appear to be any dispute as to the Sentencing Guidelines. Count 1 scores as follows:

| | | |
|---|---|---|
| Base | 12 | 2A6.1 |
| > 2 threats | +2 | 2A6.1(b)(2)(A) |
| Victim selected because of race | +3 | 3A1.1(a) |
| Subtotal: | 17 | |

Count 5 scores in the same manner, except Count 5 did not involve two or more threats, and thus the subtotal is 15. Counts 1 and 5 do not group because they involved different victims. *See* USSG § 3D1.1. Because Counts 1 and 5 are within two levels of each other, each Count is assigned a single unit, for a total of two units. *See id.* § 3D1.4. This adds two levels to the offense level, for a subtotal of 19. With acceptance of responsibility, the total offense level of 16. George has no criminal history and thus his range is 21-27 months.

## SENTENCING ANALYSIS

At least five aggravating factors exist in this case.

*First*, George purposely targeted the Buffalo community—and Tops supermarket in particular—less than two months after the horrific events of May 14.

*Second*, George did not simply spew hate. He threatened violence. He said repeatedly that he was on the way to businesses with assault rifles and other weapons to kill Black people and others.

*Third*, George carried out his campaign over a period of nearly a year, targeting businesses throughout the country. This was not an isolated event.

*Fourth*, George continued his campaign of terror even after being confronted by multiple law enforcement officers.

*Fifth*, and most importantly, George acted to instill fear in people because of the color of their skin. George's desire to make people feel scared is abhorrent and is

United States' Sentencing Memorandum- 5
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deserving of punishment. And he did not target the rich and the powerful. Rather, the recipients of his threats were employees making minimum wage who picked up the phone at Denny's or the local supermarket.

The government acknowledges that George presents some mitigating factors. He appears to have both intellectual and emotional challenges. He did not advance in school and has lived at home for most of his life. Absent these factors, the government would have recommended an above-Guidelines sentence.

The government does not believe that these factors, however, warrant a sentence lower than the high-end of the range. In addition to the aggravating factors above, deterrence is in important principle at stake in this sentencing. In the internet age, people can level serious threats of violence with the click of a button. Although there is a class of individuals who are not deterrable, others are. A sentence of at the high end of the Guidelines range will send a message that this type of conduct can lead to serious consequences.

In addition to a term of imprisonment, the Court should place George on supervised release for a period of three years, subject to the conditions recommended by Probation.[2]

---

[2] The government recently received a request for restitution and may receive additional requests prior to sentencing. The government has been working with defense counsel, and will continue to do so in an attempt to reach consensus. The government might request a continuance of the restitution hearing if matters remain outstanding prior to sentencing.

United States' Sentencing Memorandum- 6
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 9th day of December, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Thomas M. Woods*
THOMAS M. WOODS
REBECCA S. COHEN
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4312
Email: thomas.woods2@usdoj.gov

United States' Sentencing Memorandum- 7
*United States v. George*, CR22-109RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970